# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | *CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 10)

## I. INTRODUCTION

On November 14, 2018, Cristian Delgago Barrera ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Albertsons, LLC ("Defendant"). Plaintiff alleges claims for (1) mental and physical disability discrimination, (2) failure to accommodate physical disability, (3) failure to engage in the interactive process, (4) wrongful discharge for exercise of right under the Fair Employment and Housing Act ("FEHA"), and (5) violation of public policy.

On December 26, 2018, Defendant removed the action to federal court on the basis of diversity jurisdiction. On January 21, 2019, Plaintiff filed the current Motion to Remand (DE 10). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Defendant, a Delaware limited liability company with its principle place of business in Idaho, hired Plaintiff, a citizen of the state of California, as a laborer on March 12, 2018. (Notice of Removal Ex. A ("Compl.") ¶ 7, ECF No. 1-1.) On April 22, 2018, Plaintiff developed a physical disability that required him to take time off from work to receive medical treatment. (Compl. ¶ 8.) After an approved leave for a physical disability, Defendant terminated Plaintiff's employment on June 8, 2018. (Compl. ¶ 9.) As a result, Plaintiff alleges that he suffered mental anguish, emotional and physical distress, loss of wages, and employment benefits. (Compl. ¶ 10.) Thus, Plaintiff seeks compensatory and actual damages for lost wages and benefits, mental anguish, emotional and physical distress, punitive damages, and reasonable attorney's fees. (Compl. ¶ 21.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | *CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC* | | |

In its Notice of Removal, Defendant estimates Plaintiff's alleged damages to be $131,740.00. (Notice of Removal ¶ 13, ECF No. 1.) Specifically, Defendant estimates Plaintiff's back pay to be $56,460.00 and Plaintiff's front pay—assuming the award is based on two years—to be $75,280.00. (*Id.* ¶ 12.) Defendant also contends that punitive damages and attorney's fees by themselves exceed the $75,000 jurisdictional threshold. (Def.'s Opp'n to Remand 12:22–24, ECF No. 13.) Defendant therefore argues that, when added together, Plaintiff's alleged damages surpass the amount in controversy jurisdictional requirement. (*Id.* at 12:23–24.)

## III. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. The removing defendant bears the burden of proving the amount in controversy has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests or the court questions the defendant's allegations, the defendant must establish that the jurisdictional requirement has been met by a preponderance of evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## IV. DISCUSSION

Plaintiff contends that Defendant has not met its burden to establish that Plaintiff's alleged damages exceed the jurisdictional limit. Since it is not facially apparent from the Complaint that the amount in controversy exceeds $75,000, the Court must determine whether Defendant met its burden of proving—by a preponderance of the evidence—that the amount in controversy meets the jurisdictional threshold. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). As explained below, the Court finds that Defendant's estimates for front pay, prospective attorney's fees, emotional distress damages, and punitive damages are speculative and not supported by factual evidence.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | *CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC* | | |

### A. Front Pay

In its Notice of Removal, Defendant contends that Plaintiff's potential front pay award might be $75,280. (Notice of Removal ¶ 12.) Thus, Defendant argues that the sum of Plaintiff's alleged back pay ($56,460) and front pay ($75,280) exceeds the jurisdictional limit. (*Id.* ¶ 13.)

In calculating Plaintiff's potential front pay award, Defendant assumes that the award is based on two years of pay. (*See Id.* ¶ 12.) Although courts may consider both back pay and front pay to determine the amount in controversy, many courts in this district have declined to project future lost wages beyond the date of removal. *See Soto v. Kroger Co.*, CV 12-0780-DOC-RNBx, 2013 U.S. Dist. LEXIS 85823, at *3 (C.D. Cal. June 17, 2013); *Paris v. Michael Aram, Inc.*, No. 18-CV-0067-PA-SKx, 2018 U.S. Dist. LEXIS 9919, at *2 (C.D. Cal. Jan. 22, 2018); *Aguilar v. Wells Fargo Bank*, No. 15-CV-01833-AB-SPx, 2015 U.S. Dist. LEXIS 150017, *12 (C.D. Cal. Nov. 3, 2015).

Moreover, the Court questions Defendant's estimate since "the Complaint does not expressly seek two years of front pay or bonuses, nor does Defendant point to any evidence why Plaintiff would seek and be entitled to two years of front pay. Thus, Defendant's conjecture that Plaintiff could seek or be entitled to two years of front pay is speculative and insufficient to meet its burden." *Paris*, 2018 U.S. Dist. LEXIS 9919, at *2. For example, Plaintiff could obtain employment before conclusion of litigation, and such employment would impact any award for lost wages. *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1033 (N.D. Cal. 2004).

The Court therefore does not include Defendant's estimated amount of front pay in the amount in controversy calculation.

### B. Prospective Attorney's Fees

Next, Defendant argues that Plaintiff's prospective attorney's fees are at least $40,000, given Plaintiff counsel's hourly rate of $400 and the amount of time that will be required for litigation. (Def.'s Opp'n to Remand 14:18–20.) Defendant contends that Plaintiff's prospective attorney's fees, when added to Plaintiff's potential back pay award of $56,450, exceeds the requisite amount in controversy.

However, district courts within the Ninth Circuit are split in regard to including prospective attorney's fees in the amount in controversy. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, No. 12-CV-0131, 2012 U.S. Dist. LEXIS 80651, at *5 (E.D. Cal. June 11, 2012); *see Jose Ruvalcaba v.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | ***CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC*** | | |

*Ford Motor Co.,* No. CV 17-07421-RGK-JPRx, 2017 U.S. Dist. LEXIS 170098, *2–3 (C.D. Cal. Oct. 13, 2017). That is, courts have found that prospective attorney's fees can be accrued or avoided over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.,* No. C14-214-RAJ, 2014 U.S. Dist. LEXIS 80509, at *3 (W.D. Wash. June 11, 2014). The Court finds these cases well-reasoned and that prospective attorney's fees are too speculative for inclusion into amount in controversy.

### C. Punitive Damages

Third, Defendant contends that Plaintiff's prayer for punitive damages puts the amount in controversy over the jurisdictional threshold. (Def.'s Opp'n to Remand 12:22.) However, even though punitive damages may be included in the amount of controversy calculation at times, *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), the Court is not convinced that a punitive damages award should be included in the amount in controversy here.

To support its argument, Defendant cited cases where punitive damages were awarded and appeared to argue that because those cases illustrate a potential for punitive damages awards in employment cases, the amount in controversy in this case will exceed $75,000. However, Defendant did not attempt to analogize or explain how the cited cases are similar to this instant action. While citing these cases "merely illustrates that punitive damages are possible, it in no way shows that a punitive damage award is likely or even probable in the instant action." *See Killion v. Autozone Stores Inc.*, No. 5:10-CV-01978, 2011 U.S. Dist. LEXIS 18757, at *2 (C.D. Cal. Feb. 8, 2011). The Court therefore has no basis to include punitive damages in the amount in controversy calculation.

### D. Emotional Distress Damages

Fourth, Defendant argues that Plaintiff's potential emotional distress award pushes the amount in controversy well above $75,000 jurisdictional limit. (Def's Opp'n to Remand 12:23–24.) To support its argument, Defendant relies on *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) and a number of other cases that stand for the proposition that emotional damages in a successful employment discrimination case may be substantial. Defendant thus contends that the potential for emotional distress damages in this case weighs strongly in favor of satisfying the minimum amount in controversy. (Def's Opp'n to Remand 12:8–10.)

The Court is not convinced. Again, Defendant merely cited to a list of other employment cases with large emotional distress damages without analogizing or explaining how those cases are similar to

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | ***CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC*** | | |

this instant action. Moreover, Defendant's estimate for Plaintiff's emotional distress claim is based on speculation and not supported by facts. The Court therefore has no basis to include Defendant's estimate for Plaintiff's emotional distress damages in the amount in controversy.

### E. Amount in Controversy

In sum, given that any doubt regarding the existence of subject matter jurisdiction should be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the Court finds that Defendant failed to establish the requisite amount in controversy. Therefore, the Court lacks subject matter jurisdiction.

### F. Plaintiff's Request for Attorney's Fee

Since the Court finds that remand is warranted, Plaintiff requests that the Court award attorney's fee incurred as a result of the removal. (Mot. to Remand 8:2–17.) Plaintiff contends that Section 1447(c) of the Federal Rules of Civil Procedure authorizes the award and that no showing of bad faith on the party of the removing party is necessary. (*Id.*)

However, the decision on whether to award costs and attorney's fees on a remand motion is within the court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Absent unusual circumstances, attorney's fees should be denied when there is an objectively reasonable basis for removal. *Id.* "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, "the objective reasonableness of the removal depends on the clarity of applicable law and whether such law 'clearly foreclosed' the defendant's argument for removal." *Wells Fargo Bank N.A v. Dimas*, No. C-11-05691-JCS, 2012 WL 1424803, at *5 (N.D. Cal. Apr. 24, 2012).

Here, the Court finds that Defendant did not engage in a level of bad faith that courts have found to justify the imposition of costs and fees. *See Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*, No. 11-CV-8262, 2011 U.S. Dist. LEXIS 120908, at *3 (C.D. Cal. Oct. 19, 2011) (finding bad faith when the defendant removed on the morning of trial based on a defense the defendant had contended at the start of litigation). The law governing the value of the object of litigation did not "clearly foreclose" Defendant's argument that the amount in controversy requirement was satisfied. The Court therefore

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-10637-RGK-AFM | Date | March 15, 2019 |
|---|---|---|---|
| Title | *CRISTIAN DELGAGO BARRERA v. ALBERTSONS LLC* | | |

finds that removal was not objectively unreasonable and **DENIES** Plaintiff's request for attorney's fees associated with the Motion to Remand.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS in part** Plaintiff's Motion to Remand, **REMANDS** this case to state court, and **DENIES** Plaintiff's request for attorney's fees associate with the Motion.

**IT IS SO ORDERED.**

:  _____

Initials of Preparer